It was an action on the case by a landlord against his tenant for cutting clown trees.
Deft. offered to prove a verbal permission by plff. to cut the trees. Objected to.
Frame. We do not contend that the deft. might not justify by a parol license, if he had pleaded such a license, or pleaded justification generally; but he cannot under the plea of a written license. The evidence offered is not compatible with any plea on the record.
J. A. Bayard and Cullen, for deft. This is an action of trespass on the case, and not an action of trespass vi et armis. In the latter there can be no defence by way of justification without a plea; the defence admits the trespass, and excuses or justifies it. The deft. here is no trespasser. The plff. is bound to make out his whole case. Every matter alledged in the narr, or going to constitute the offence, is put in issue by the plea of not guilty. There need be no plea of justification. The deft. is in possession of the premises lawfully, and the landlord cannot make him liable unlesshe shows that the acts complained of were done without his consent. The narr alledges that these trees were cut by the tenant without the license *Page 476 
of the landlord. The plea of not guilty puts the whole narr in issue, and opens up evidence of any license, whether written or verbal.
Frame, in reply. This is essentially an action of trespass; the deft. is a trespasser, but by reason of his being the tenant of the plff. who has but the reversionary interest in the land, he has to declare in this form of action. This is not case as in assumpsit, which is an equitable remedy founded on implied contract, but casein tort, founded on the wrong, a trespass in fact, and only not treated as such by reason of the relation of the parties.
The Court admitted the evidence. See 2 Stark. Ev. 361.